IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL DWIGHT BROWN,   )<br>　　　Petitioner　　　　　　　) | | |
| 　　　　　　　　　　　　　　　 ) | | |
| v.　　　　　　　　　　　　　 ) | CRIM NO. 11-00084-KD-N | |
| 　　　　　　　　　　　　　　　 ) | CIVIL NO. 14-144-KD | |
| UNITED STATES OF AMERICA,  ) | | |
| 　　　Respondent.　　　　　　) | | |

## ORDER

This action is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("the Petition") (Doc. 75)[1] filed by Petitioner Daniel Dwight Brown ("Brown"), a federal prisoner proceeding *pro se*[2] and the Government's Response in opposition (Doc. 78). The record is adequate to determine Brown's claims; no evidentiary hearing is required. Upon consideration, the Court finds that the Petition is due to be **DENIED,** that this action is due to be **DISMISSED with prejudice.**[3]

**I.　Analysis**

　　**a.　Petition Claim**

Following a jury trial, Brown was convicted of, among other things, possessing with the intent to distribute a mixture weighting 500 grams or more, which contained a detectable amount of methamphetamine. Brown primarily argues that his trial counsel was ineffective for failing to raise a defense regarding the weight of the methamphetamine mixture; that is, the "net" weight of

---

[1] All docket citations refer to the docket of the criminal action.
[2] The Court abides by the Eleventh Circuit's directive that "courts should construe a habeas petition filed *pro se* more liberally than one drawn up by an attorney." *E.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir.1989).]
[3] As "the motion and the files and records of the case conclusively show that [Brown] is entitled to no relief," 28 U.S.C. § 2255(b), the Court finds that an evidentiary hearing is not warranted under § 2255(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District Courts.

the mixture – derived by subtracting the weight of any non-consumable manufacturing by-product – did not meet the 500 gram threshold. For the reasons set forth in the Government's response (Doc. 78), which the Court **ADOPTS** as its own reasoning,[4] the Court finds that Brown is due no relief on the claims in the Petition. Specifically, Brown's ineffective assistance of counsel claims are without merit and his arguments pertaining to the weight of the mixture were previously appealed to and rejected by the Eleventh Circuit. (Doc. 72). Therefore, the Court finds that Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 75) is due to be **DENIED** and this action **DISMISSED with prejudice.**

The Court acknowledges that the Petition states that Brown's counsel did not, "visit[] [him] enough to build a defense" (Doc. 75 at 6), which is addressed by the Government in footnote 1 on page 10 of the Government's Response (Doc. 78). As noted by the Government, this claim is unsupported by any facts or law and is due to be denied. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (internal quotations and citation omitted); *see also Chandler v. McDonough,* 471 F.3d 1360, 1363 (11th Cir. 2006) (conclusory allegations "are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support.").

Further, "the Sixth Amendment does not guarantee [Brown] the right to an attorney who is constantly at his beck and call, and who will come see him at the jail to talk about his case any

---

[4] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See *United States v. Valencia–Trujillo,* 462 F. App'x 894, 897 (11th Cir.2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' *Danley v. Allen,* 480 F.3d 1090, 1090, 1091 (11th Cir.2007).* That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case ."); 11th Cir. R. 36–2 (effective Dec. 1, 2013) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 78) is sufficient in this regard.

time he wishes." *United States v. Graves*, No. CIV. 06-0178-WS-B, 2007 WL 3232178, at *6 (S.D. Ala. Oct. 30, 2007)(citing generally *Chandler v. United States*, 218 F.3d 1305, 1314 n. 14 (11th Cir. 2000) (Holding that in examining ineffective assistance claims, "courts must recognize that counsel does not enjoy the benefit of unlimited time and resources."). Brown has not argued or shown that his attorney's alleged failure to visit him with the desired frequency prejudiced him in any way.

      b.      **Certificate of Appealability and motion to proceed** *in forma pauperis*

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." *Miller–El v. Cockrell,* 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Brown is not entitled to a Certificate of Appealability in this action.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson,* Civ. A. No. 11–00152–WS–N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted,* Civ. A. No. 11–00152–WS–N, 2012 WL 2568093 (S.D.Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R.App. P. 24(a)(3)(A); *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.,* 15 F.Supp.2d 1285, 1288–89 (M.D.Fla.1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the

Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993).").

Upon consideration, the Court finds and certifies that any appeal by Brown in this action would be without merit and therefore not taken in good faith. Accordingly, Brown is not entitled to appeal *in forma pauperis*.

## II.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 75) is **DENIED** and that this action is **DISMISSED with prejudice.** It is further **ORDERED** that Brown is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal. Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document.

**DONE** and **ORDERED** this the 10th day of February, 2015.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
